JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000
Attorneys of Record:
    Marjorie Kaye (MK7141)
    Nicole Q. Saldana (NS 6524)


ATTORNEYS FOR DEFENDANTS
METRO NEW YORK, INC. and
METRO INTERNATIONAL S.A.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DANIEL MAGNUS,**<br><br>                    **Plaintiff,**<br><br>       vs.<br><br>**METRO NEW YORK, INC. AND METRO INTERNATIONAL S.A.**<br><br>                    **Defendant.** | Case No. 08-1731(LAK)(FM)<br><br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

        Defendants, Metro New York, Inc. and Metro International S.A., by and through

their attorneys, Jackson Lewis, LLP, respectfully submit the following Answer to Plaintiff's First

Amended Complaint.

### INTRODUCTORY STATEMENT

        1.    Defendants deny the allegations set forth in Paragraph 1 of Plaintiff's

First Amended Complaint, but aver that the complaint is brought under claims of breach of

contract, breach of implied contract, intentional non-payment of wages, fraud, and violation of

the Racketeer Influence and Corrupt Organizations Act (RICO), 18 U.S.C. §§1961-1968.

## JURISDICTION AND VENUE

2.    Defendants deny the allegations set forth in Paragraph 2 of Plaintiff's First Amended Complaint, but admit that 28 USC §1331 and 1337 confers jurisdiction to this Court.

3.    Defendants deny the allegations set forth in Paragraph 3 of Plaintiff's First Amended Complaint, but admit that 28 USC §1367(a) confers supplemental jurisdiction of the Court over claims related to claims arising under federal law.

4.    Defendants deny the allegations set forth in the incorrectly denominated second Paragraph 3 of Plaintiff's First Amended Complaint, but admit venue is proper in the United States District Court for the Southern District of New York.

## PARTIES

5.    Defendants deny information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiff's First Amended Complaint, but aver that Defendants' personnel records reflect Plaintiff's age is not 44.

6.    Defendants admit Paragraph 5 of Plaintiff's First Amended Complaint.

7.    Defendants admit Paragraph 6 of Plaintiff's First Amended Complaint.

8.    Defendants admit Paragraph 7 of Plaintiff's First Amended Complaint.

9.    Defendants admit Paragraph 8 of Plaintiff's First Amended Complaint.

10.    Defendants deny Paragraph 9 of Plaintiff's First Amended Complaint but aver that the two corporate Defendants are interrelated.

11.    Defendants deny Paragraph 10 of Plaintiff's First Amended Complaint, but aver that Defendant Metro New York, Inc. is a wholly owned subsidiary of Defendant Metro International S.A.

12.    Defendants deny Paragraph 11 of Plaintiff's First Amended Complaint.

## BACKGROUND FACTS

13.     Defendants admit Paragraph 12 of Plaintiff's First Amended Complaint.

14.     Defendants admit Paragraph 13 of Plaintiff's First Amended Complaint.

15.     Defendants admit Paragraph 14 of Plaintiff's First Amended Complaint.

16.     Defendants admit Paragraph 15 of Plaintiff's First Amended Complaint.

17.     Defendants admit Paragraph 16 of Plaintiff's First Amended Complaint.

18.     Defendants admit Paragraph 17 of Plaintiff's First Amended Complaint, but aver that payment of any bonus was discretionary under the contract referenced herein.

19.     Defendants admit Paragraph 18 of Plaintiff's First Amended Complaint, but aver that the document speaks for itself.

20.     Defendants admit Paragraph 19 of Plaintiff's First Amended Complaint.

21.     Defendants admit Paragraph 20 of Plaintiff's First Amended Complaint.

22.     Defendants admit Paragraph 21 of Plaintiff's First Amended Complaint, but aver that such payments would be due Plaintiff only if he was not terminated for cause.

23.     Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 22 of Plaintiff's First Amended Complaint.

24.     Defendants admit Paragraph 23 of Plaintiff's First Amended Complaint.

25.     Defendants deny Paragraph 24 of Plaintiff's First Amended Complaint.

26.     Defendants admit Paragraph 25 of Plaintiff's First Amended Complaint.

27.     Defendants admit Paragraph 26 of Plaintiff's First Amended Complaint.

28.     Defendants deny Paragraph 27 of Plaintiff's First Amended Complaint.

29.     Defendants deny Paragraph 28 of Plaintiff's First Amended Complaint.

30.     Defendants deny Paragraph 29 of Plaintiff's First Amended Complaint.

31.    Defendants admit Paragraph 30 of Plaintiff's First Amended Complaint.

32.    Defendants deny Paragraph 31 of Plaintiff's First Amended Complaint but admit Plaintiff objected to the amount of his 2006 bonus.

33.    Defendants deny Paragraph 32 of Plaintiff's First Amended Complaint.

34.    Defendants deny Paragraph 33 of Plaintiff's First Amended Complaint.

35.    Defendants deny Paragraph 34 of Plaintiff's First Amended Complaint.

36.    Defendants deny Paragraph 35 of Plaintiff's First Amended Complaint.

37.    Defendants deny Paragraph 36 of Plaintiff's First Amended Complaint.

38.    Defendants deny Paragraph 37 of Plaintiff's First Amended Complaint.

39.    Defendants deny Paragraph 38 of Plaintiff's First Amended Complaint.

40.    Defendants deny Paragraph 39 of Plaintiff's First Amended Complaint.

41.    Defendants deny Paragraph 40 of Plaintiff's First Amended Complaint.

42.    Defendants deny Paragraph 41 of Plaintiff's First Amended Complaint, but aver Plaintiff was terminated in the Boston office of Metro Boston LLC.

43.    Defendants deny Paragraph 42 of Plaintiff's First Amended Complaint.

44.    Defendants deny Paragraph 43 of Plaintiff's First Amended Complaint.

45.    Defendants deny Paragraph 44 of Plaintiff's First Amended Complaint.

46.    Defendants deny Paragraph 45 of Plaintiff's First Amended Complaint.

47.    Defendants deny Paragraph 46 of Plaintiff's First Amended Complaint.

48.    Defendants deny Paragraph 47 of Plaintiff's First Amended Complaint.

## FIRST CLAIM OF RELIEF
## BREACH OF CONTRACT

49.     For their answer to Paragraph 48 of Plaintiff's First Amended Complaint, Defendants repeat their answers and denials set forth above as though fully set forth herein.

50.     Defendants deny Paragraph 49 of Plaintiff's First Amended Complaint

51.     Defendants deny Paragraph 50 of Plaintiff's First Amended Complaint.

52.     Defendants deny Paragraph 51 of Plaintiff's First Amended Complaint.

53.     Defendants deny Paragraph 52 of Plaintiff's First Amended Complaint.

54.     Defendants deny Paragraph 53 of Plaintiff's First Amended Complaint.

55.     Defendants deny Paragraph 54 of Plaintiff's First Amended Complaint.

56.     Defendants deny Paragraph 55 of Plaintiff's First Amended Complaint.

57.     Defendants deny Paragraph 56 of Plaintiff's First Amended Complaint.

58.     Defendants deny Paragraph 57 of Plaintiff's First Amended Complaint.

## SECOND CLAIM FOR RELIEF
## BREACH OF IMPLIED CONTRACT

59.     For their answer to Paragraph 58 of Plaintiff's First Amended Complaint, Defendants repeat their answers and denials set forth above as though fully set forth herein.

60.     Defendants deny Paragraph 59 of Plaintiff's First Amended Complaint and aver that Defendants Companies prohibit retaliation for employee complaints of wrongdoing, illegality and/or impropriety.

61.     Defendants deny Paragraph 60 of Plaintiff's First Amended Complaint.

62.     Defendants deny Paragraph 61 of Plaintiff's First Amended Complaint.

63.     Defendants deny Paragraph 62 of Plaintiff's First Amended Complaint.

64.     Defendants deny Paragraph 63 of Plaintiff's First Amended Complaint.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF ENW YORK STATE LABOR LAW §198(1-a)

65.     For their answer to Paragraph 64 of Plaintiff's First Amended Complaint, Defendants repeat their answers and denials set forth above as though fully set forth herein.

66.     Defendants deny Paragraph 65 of Plaintiff's First Amended Complaint.

67.     Defendants deny Paragraph 66 of Plaintiff's First Amended Complaint.

68.     Defendants deny Paragraph 67 of Plaintiff's First Amended Complaint.

69.     Defendants deny Paragraph 68 of Plaintiff's First Amended Complaint.

70.     Defendants deny Paragraph 68 of Plaintiff's First Amended Complaint.

## FOURTH CLAIM FOR RELIEF
## FRAUD

71.     For their answer to Paragraph 70 of Plaintiff's First Amended Complaint, Defendants repeat their answers and denials set forth above as though fully set forth herein.

72.     Defendants deny Paragraph 71 of Plaintiff's First Amended Complaint.

73.     Defendants deny Paragraph 72 of Plaintiff's First Amended Complaint.

74.     Defendants deny Paragraph 73 of Plaintiff's First Amended Complaint.

75.     Defendants deny Paragraph 74 of Plaintiff's First Amended Complaint.

76.     Defendants deny Paragraph 75 of Plaintiff's First Amended Complaint.

77.     Defendants deny Paragraph 761 of Plaintiff's First Amended Complaint.

78.     Defendants deny Paragraph 77 of Plaintiff's First Amended Complaint.

79.     Defendants deny Paragraph 78 of Plaintiff's First Amended Complaint.

80.     Defendants deny Paragraph 79 of Plaintiff's First Amended Complaint.

81.    Defendants deny Paragraph 80 of Plaintiff's First Amended Complaint.

82.    Defendants deny Paragraph 81 of Plaintiff's First Amended Complaint.

83.    Defendants deny Paragraph 82 of Plaintiff's First Amended Complaint.

84.    Defendants deny Paragraph 83 of Plaintiff's First Amended Complaint.

85.    Defendants deny Paragraph 84 of Plaintiff's First Amended Complaint.

<u>FIFTH CLAIM FOR RELIEF</u>
<u>CIVIL RICO CLAIM – VIOLATIONO F 18 USC §1962</u>

86.    For their answer to Paragraph 85 of Plaintiff's First Amended Complaint, Defendants repeat their answers and denials set forth above as though fully set forth herein.

87.    Defendants deny Paragraph 86 of Plaintiff's First Amended Complaint.

88.    Defendants deny Paragraph 87 of Plaintiff's First Amended Complaint.

89.    Defendants deny Paragraph 88 of Plaintiff's First Amended Complaint.

90.    Defendants deny Paragraph 89 of Plaintiff's First Amended Complaint.

91.    Defendants deny Paragraph 90 of Plaintiff's First Amended Complaint.

92.    Defendants deny Paragraph 91 of Plaintiff's First Amended Complaint.

93.    Defendants deny Paragraph 92 of Plaintiff's First Amended Complaint.

94.    Defendants deny Paragraph 93 of Plaintiff's First Amended Complaint.

95.    Defendants deny Paragraph 94 of Plaintiff's First Amended Complaint.

96.    Defendants deny Paragraph 95 of Plaintiff's First Amended Complaint.

97.    Defendants deny Paragraph 96 of Plaintiff's First Amended Complaint.

98.    Defendants deny Paragraph 97 of Plaintiff's First Amended Complaint.

99.    Defendants deny Paragraph 98 of Plaintiff's First Amended Complaint.

100.    Defendants deny Paragraph 99 of Plaintiff's First Amended Complaint.

101.    Defendants deny Paragraph 100 of Plaintiff's First Amended Complaint.

102.    Defendants deny each and every allegation in the First Amended Complaint not expressly admitted and further asserts that Plaintiff is not entitled to relief based upon the allegations contained in Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

103.    Plaintiff has failed to state a cause of action as to his Third, Fourth and Fifth Claims for Relief.

### SECOND AFFIRMATIVE DEFENSE

104.    Plaintiff is not entitled to recover under this Third Claim for Relief brought pursuant to New York State Labor Law §198(1-a).

### THIRD AFFIRMATIVE DEFENSE

105.    Plaintiff's Fourth Claim for Relief for Fraud is not pled with specificity as required by Fed. R. Civ. P. Rule 9(b).

### FOURTH AFFIRMATIVE DEFENSE

106.    Plaintiff's Fifth Claim for Relief pursuant to 28 U.S.C. §1962 is not pled with specificity as required by the relied upon statute.

### FIFTH AFFIRMATIVE DEFENSE

107.    Plaintiff lacks standing to bring his Fifth Claim for Relief pursuant to 28 U.S.C. §1962.

### SIXTH AFFIRMATIVE DEFENSE

108.    Plaintiff is not entitled to recover under his First Claim for Relief, Breach of Contract, because Plaintiff's own conduct led to his termination for cause.

## SEVENTH AFFIRMATIVE DEFENSE

109.    Plaintiff is not entitled to recover under his Second Claim for Relief, Breach of Implied Contract because Plaintiff never complained of any wrongdoing by Defendants as set forth in his First Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

110.    Plaintiff is not entitled to recover the damages he seeks because he has failed to mitigate his damages.

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

Dated: March 24, 2008
        New York, New York

By: _Marjorie Kaye_
    Marjorie Kaye (MK7141)
    Nicole Q. Saldana (NS6524)

ATTORNEYS FOR DEFENDANTS